IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
SHEILA P. BRACKETT REVOCABLE    )
TRUST, by and through AUBRIE    )
J. SMITH as Trustee,            )
                                )
Plaintiff,                      )      Civil No. 2014-96
                                )
vs.                             )
                                )
S/V TREAZZURE, her tenders,     )
engines, tackle, equipment,     )
apparel, furnishing,            )
freights, and appurtenances,    )
etc. in rem,                    )
                                )
                                )
Defendant.                      )
_____ )
```

ATTORNEYS:

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Woo & Boyer, P.A.
Miami, FL
    *For the plaintiff,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For interested party Joe Alvarez.*

## MEMORANDUM OPINION

Before the Court is the settlement agreement between the parties in this matter.

### I.   FACTUAL AND PROCEDURAL HISTORY

On November 19, 2014, the Sheila P. Brackett Revocable Trust (the "Trust") filed the above-captioned *in rem* action

*In re. S/V Treazzure*
Civil No. 2014-96
Memorandum Opinion
Page 2

regarding the sailing vessel Treazzure ("S/V Treazzure"). An arrest warrant was issued and executed for S/V Treazzure. The Court appointed a custodian for the vessel. Thereafter, Joe Alvarez ("Alvarez") filed a statement of interest or claim for the S/V Treazzure.

A mediation conference was held on January 9, 2015. The conference was attended by the trustee of the Trust, the Trust's counsel, Alvarez, and Alvarez's counsel. The mediator was Magistrate Judge Geoffrey Barnard. During mediation, the terms of a settlement agreement were dictated into the record. Thereupon Judge Barnard reported that all parties had attended mediation and that the conflict was completely resolved. Judge Barnard indicated that the parties would submit a stipulation of dismissal within thirty days.

As of the present date, such stipulation has not been filed with the Court. The time in which the parties agreed to file such stipulation has not yet ended.

## II.   DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead*

*In re. S/V Treazzure*
Civil No. 2014-96
Memorandum Opinion
Page 3

*Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract are "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div.2002). "'Consideration' requires a performance or a return promise that has been bargained for. Where there is no mutual assent, or no meeting of the minds, there is no contract."

Case: 3:14-cv-00096-CVG-GWC Document #: 43 Filed: 02/17/15 Page 4 of 6

*In re. S/V Treazzure*
Civil No. 2014-96
Memorandum Opinion
Page 4

*Nicholas v. Wyndham Int'l, Inc.*, Civ. 2001-147, 2007 WL 4811566 (D.V.I. Nov. 20, 2007)(internal citations omitted).

### III. ANALYSIS

"The parties' own recitation on the record of the essential terms of the settlement agreement evidences the parties' meeting of the minds and mutual assent to those terms." *Nicholas*, 2007 WL 4811566, at *3 (citing to *Sheet Workers Int'l Assoc. Local 27 v. New Brunswick Gen. Sheet Metal Works*, 67 F. App'x at 160; *Tracy v. Kimberly-Clark Corp.*, 74 F. App'x 44, 47 (Fed. Cir. 2003); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996)). In a maritime *in rem* action, claimants who file a verified statement of interest, as Alvarez did, become parties to the action.[1] *See United States v. Real Property*, 135 F.3d 1312, 1318 (9th Cir. 1988)("In order to become a party to the action, [the claimant] was required to file a claim, pursuant to Supplemental Rule C(6).")

In *Nicholas v. Wyndham Int'l, Inc.*, following protracted efforts at settlement, the parties informed the Court that they had reached an agreement. *Nicholas*, 2007 WL 4811566, at *1. Thereafter, the parties recited the settlement agreement's essential terms on the record. *Id.* On the record, counsel for

---

[1] Alvarez withdrew his claim of interest after the settlement agreement was entered. (ECF No. 40.)

Case: 3:14-cv-00096-CVG-GWC   Document #: 43   Filed: 02/17/15   Page 5 of 6

*In re. S/V Treazzure*
Civil No. 2014-96
Memorandum Opinion
Page 5

the parties agreed that the defendants would pay a sum certain to the plaintiffs in exchange for the plaintiffs' agreement to settle all claims in the matter against those defendants. *Id.* at *3. Subsequently, the parties disputed the terms of the agreement. *Id.* The Court held that the parties' oral recitation of the terms reflected a valid settlement agreement, despite subsequent disputes. *Nicholas*, 2007 WL 4811566, at *3. The Court accepted the settlement agreement and entered a judgment reflecting the terms of that oral agreement. *Id.* at *8, *11.

The situation presented here counsels in favor of acceptance of the settlement agreement. First, the parties recited on the record the material terms of the agreement. A review of those terms establishes that the agreement, as recited, was supported by consideration on both sides. *See, e.g.*, *Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides ... for enforceability of a[ ] [settlement] agreement") (applying Pennsylvania law); *Nicholas*, 2007 WL 4811566, at *3; *Shernoff v. Hewlett-Packard Co.*, Civ. No. 04-4390, 2006 WL 3497798, *4 (D.N.J. Dec. 4, 2006) (". . . nor was the settlement void for lack of consideration . . . .Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff

Case: 3:14-cv-00096-CVG-GWC Document #: 43 Filed: 02/17/15 Page 6 of 6

*In re. S/V Treazzure*
Civil No. 2014-96
Memorandum Opinion
Page 6

would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500."). Second, both attorneys and both parties themselves stated on the record that the terms, as recited, were an accurate representation of the agreement reached.

Where, as here, the parties have recited on the record the terms of the agreement, and those terms are supported by consideration, the Court may accept the agreement. *See, e.g.*, *Herman*, 2012 WL 4476656, *5-6; *Greaves*, 2011 WL 4500295, *4.

The premises considered, the Court approves the settlement agreement. An appropriate judgment follows.

                                      S_____
                                          **Curtis V. Gómez**
                                          **District Judge**